UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRICE SELF STORAGE WEST LA, LLC,<br><br>　　　　　Defendant. | No.  2:22-cv-0524-KJM-CKD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Proceeding pro se, plaintiff initiated this action on March 17, 2022, with a motion entitled "motion for leave to file a pro se civil complaint." (ECF No. 1.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). For the reasons set forth, the undersigned recommends the court dismiss this action for improper venue and close the case.

**I.  Plaintiff's "Motion for Leave to File a Civil Pro Se Complaint"**

Plaintiff has attempted to initiate this action with motion requesting "leave to file a pro se civil complaint" in this court. (ECF No. 1 at 2.) However, plaintiff has not submitted a copy of the complaint he seeks to file. In order to properly commence an action, a plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 3 ("A civil action is commenced by filing a complaint with the court.").

Although plaintiff has not included a copy of the complaint he seeks to file, his motion states that the events giving rise to the complaint took place in San Diego County, California. (ECF No. 1 at 3.) It appears plaintiff may have pursued this matter in state court in San Diego County. (See Id. at 3 ("In this instant case matter, the actual claims of the case [were] substantiated by Mr. Greene on behalf of his spouse in San Diego County during the calendar year of 2021.").)[1] Plaintiff alleges "San Diego County… wished for Greene and his [spouse's] name to be on the case claim, despite [ ] them having the clear understanding that Greene had the legal consent of his spouse to appear." (Id.) Plaintiff states the judge that heard the civil trial "should have not been assigned to their case." (Id.) And further, because there were "other degrading circumstances that occurred in San Diego County, "[t]he center of our attention is getting the authorization to move case matters in this legal venue." (Id.)

**II. Venue**

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Relatedly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Here, the named defendant, Price Self Storage West LA, LLC, is located in Los Angeles, California (see ECF No. 1 at 2), which is in the Central District of California. Plaintiff's address of record is also in Los Angeles, California, in the Central District of California. As set forth, the events giving rise to the complaint took place in San Diego County, California (Id. at 3), which is in the Southern District of California.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions

---

[1] Plaintiff also previously pursued this matter in the State of Colorado courts which dismissed the case on an unspecified basis. (ECF No. 1 at 2.)

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

For the purposes of 28 U.S.C. § 1391(b)(1), an entity defendant, whether or not incorporated, is a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Federal courts generally follow state law to determine the appropriate bounds of personal jurisdiction. Walden v. Fiore, 571 U.S. 277, 283 (2014). A federal court sitting in California "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." See Cal. Civ. Proc. Code § 410.10.

The Due Process Clause of the Fourteenth Amendment limits a court's ability to exercise personal jurisdiction over nonresident defendants. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Walden, 571 U.S. at 283 (internal citations and quotation marks omitted).

Here, there is no indication that the named defendant has the requisite minimum contacts within the territorial jurisdiction of this district. Under such circumstances, the defendant is not a resident of this district for the purposes of determining venue and this court lacks personal jurisdiction over the defendant in the complaint plaintiff seeks to file. 28 U.S.C. § 1391(c)(2). But even if venue could lie in this district for reasons that are not clear from plaintiff's present motion, the court finds in the interest of justice that this district is not an appropriate venue, because the pertinent events took place within another district and neither party resides in this district. See 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" if it is "in the interest of justice" to do so. If a district court, in its discretion, denies such a transfer, then the court must dismiss the suit. 28 U.S.C. § 1406(a); see also

Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 579 (7th Cir. 1989) ("review on appeal of the district court's judgment not to transfer is limited to whether the district court clearly abused its discretion"). Because plaintiff has not submitted the actual complaint he seeks to file, and thus has not properly commenced this action, the undersigned recommends the court dismiss the action and close the case rather than transfer venue.

### III. Conclusion

In accordance with the above, IT IS RECOMMENDED:

1. This action be dismissed for improper venue;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 4, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Greene22cv0524.scrn.fr