UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE,<br><br>    Plaintiff,<br><br>  v.<br><br>PRICE SELF STORAGE WEST LA, LLC,<br><br>    Defendant. | No.  2:22-cv-0524-KJM-CKD (PS)<br><br><br>ORDER |

   This matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21). On May 4, 2022, the magistrate judge filed findings and recommendations, which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 17.) Plaintiff has filed objections to the findings and recommendations. (ECF No. 6.) The court has reviewed the matter de novo.  The findings and recommendations are correct; the court adopts them in full.

   In Mr. Greene's objections, he refers to his status as a "vexatious" litigant, and he suggests he filed an action in this court because he would like to avoid a prefiling restriction in the United States District Court for the Central District of California.  *See id.* at 2–3.  It is not only that district in which Mr. Greene faces such a restriction.  His "extraordinary history and wasteful consumption of judicial resources" has persuaded many, many federal courts to impose prefiling restrictions against him, sometimes even without warning, including federal district courts in

Ohio, Texas, Nevada, Colorado, Utah, Kansas and California, and several United States Courts of Appeals. *Greene v. Off. of Comptroller of Currency*, No. 20-776, 2020 WL 7327532, at *3 (S.D. Ohio Oct. 7, 2020), *report and recommendation adopted*, 2020 WL 6498667 (S.D. Ohio Nov. 5, 2020), *appeal dismissed*, No. 20-4242, 2020 WL 9762420 (6th Cir. Dec. 3, 2020). "Even the United States Supreme Court has called out Plaintiff's abusive litigation practices and imposed pre-filing restrictions . . . ." *Id.* (citing *In re Greene*, 578 U.S. 974 (2016)).

It appears Mr. Greene may now have turned his attention to this District. In addition to this case, he also recently filed another action in this court, which was quickly transferred to the Central District of California based on improper venue. *See, e.g.*, *Greene v. U.S. Dep't of Hous. & Urban Dev.*, No. 22-0203 (E.D. Cal. filed Feb. 17, 2022). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). This court will not permit any further waste of resources. No warning is necessary in this exceptional case. *See Greene*, 2020 WL 7327532, at *5 ("Plaintiff has demonstrated no willingness or ability to curtail his litigation practices nationwide, other than by searching for a new court to bombard.").

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed May 4, 2022 (ECF No. 5) are **adopted in full**.
2. This action is **dismissed** for improper venue.
3. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **denied as moot**.
4. The Clerk of Court is directed to **close this case**.
5. Cedric Greene is declared a "**vexatious litigant**" under this District's Local Rules. *See* E.D. Cal. 151(b). He is enjoined from filing any complaints and from otherwise initiating any new civil case in the United State District Court for the Eastern District of California unless he files a motion for leave to open a new civil action accompanied by the following:
    a. A copy of this order;

    b. A proposed complaint;

    c. A declaration signed by an attorney admitted to practice in a federal district court or U.S. state and in good standing in that jurisdiction, attesting that the proposed complaint includes only non-frivolous claims and allegations that satisfy the standard of Federal Rule of Civil Procedure 11(b); and

    d. Payment in full of the filing fee or a motion for leave to proceed in forma pauperis.

6. The Clerk of Court is **directed not to open** any new civil case in plaintiff's name unless he has fully complied with the conditions above.

7. The court certifies that any appeal of this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

DATED: June 28, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE